AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAIL-
WAY & MOTOR COACH EMPLOYEES OF AMERICA, DI-
VISION 998, Appellants, vs. WISCONSIN EMPLOYMENT
RELATIONS BOARD and others, Respondents.*

*April 3—May 2, 1950.*

* Motion for rehearing denied, with $25 costs, on June 30, 1950.

54

For the appellants there were briefs by *Padway, Goldberg & Previant* of Milwaukee, and oral argument by *David Previant*.

For the respondents Wisconsin Employment Relations Board and Board of Arbitration there were briefs by the *Attorney General, Stewart G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert*.

For the respondent Milwaukee Electric Railway & Transport Company there was a brief by *Shaw, Muskat & Paulsen,* attorneys, and *John G. Quale* of counsel, all of Milwaukee, and oral argument by *Mr. Martin R. Paulsen* and *Mr. Quale*.

BROADFOOT, J. This case and the case of *Wisconsin E. R. Board v. Amalgamated Asso.,* ante, p. 43, 42 N. W. (2d) 471, were argued together upon the appeal. With one exception the contentions of the appellants in this case were raised in the companion case and were determined therein.

The remaining contention is that the statutes involved are in violation of sec. 16, art. VII, of the Wisconsin constitution which reads as follows:

"The legislature shall pass laws for the regulation of tribunals of conciliation, defining their powers and duties. Such tribunals may be established in and for any township, and shall have power to render judgment to be obligatory on the parties when they shall voluntarily submit their matter in difference to arbitration, and agree to abide the judgment or assent thereto in writing."

The appellants contend that the statutes under which the proceedings were held (secs. 111.50 through 111.65) create

tribunals of conciliation and arbitration within the meaning of said constitutional provision; that tribunals created under said provision can only render a binding judgment when the parties have voluntarily submitted their matters in difference; and it follows that said statutes are therefore violative of the constitutional provision as they provide for compulsory arbitration.

In *Borgnis v. Falk Co.* 147 Wis. 327, 358, 133 N. W. 209, it was pointed out that this section of the constitution appears in art. VII dealing with the judiciary; that administrative agencies are not courts, and this provision therefore is not applicable to orders and awards of administrative agencies. For the same reasons we hold that secs. 111.50 through 111.65, Stats., are not violative of said constitutional provision.

*By the Court.*—Judgment affirmed.