## AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY & MOTOR COACH EMPLOYEES OF AMERICA, DIVISION 998, ET AL. *v.* WISCONSIN EMPLOYMENT RELATIONS BOARD ET AL.

No. 330.   Argued January 9–10, 1951.—Decided February 26, 1951.

*David Previant* argued the cause and filed a brief for petitioners.

*Malcolm L. Riley* and *Beatrice Lampert,* Assistant Attorneys General of Wisconsin, argued the cause for the Wisconsin Employment Relations Board et al., respondents.   With *Mr. Riley* on the brief were *Vernon W. Thomson,* Attorney General, *Thomas E. Fairchild,* then Attorney General, and *Stewart G. Honeck,* Deputy Attorney General.

*Martin R. Paulsen* argued the cause for the Milwaukee Electric Railway & Transport Company, respondent. With him on the brief was *Van B. Wake.*

Briefs of *amici curiae* urging reversal were filed by *Solicitor General Perlman, David P. Findling* and *Mozart*

*G. Ratner* for the National Labor Relations Board; and *J. Albert Woll, James A. Glenn* and *Herbert S. Thatcher* for the American Federation of Labor.

Briefs of *amici curiae* urging affirmance were filed by *Harold R. Fatzer,* Attorney General, for the State of Kansas; *Clarence S. Beck,* Attorney General, and *Bert L. Overcash,* Assistant Attorney General, for the State of Nebraska; and *Theodore D. Parsons,* Attorney General, and *Benjamin C. Van Tine* for the State of New Jersey.

MR. CHIEF JUSTICE VINSON delivered the opinion of the Court.

The parties to this case are the same transit workers, the same transit company, and the Wisconsin Employment Relations Board before the Court in No. 329, decided this day, *ante,* p. 383. This action arises out of the same threatened strike discussed in that case. After a restraining order had led to postponement of the strike, the Wisconsin Board appointed arbitrators to "hear and determine" the dispute in accordance with the terms of the Wisconsin Public Utility Anti-Strike Law. Wis. Stat., 1949, § 111.55. Upon the filing of the arbitrators' award, petitioners filed an action in a state circuit court to review that award. *Id.,* § 111.60. That court affirmed the award and the Wisconsin Supreme Court affirmed, 257 Wis. 53, 42 N. W. 2d 477 (1950). We granted certiorari in this case together with No. 329, 340 U. S. 874 (1950).

In the courts below and in this Court, petitioners attack the arbitration award on the same grounds urged against the Wisconsin Act as a whole in No. 329, and, in addition, raise issues peculiar to the arbitration phase of that act. But we do not reach these issues since it is clear that this case has become moot.*

---

*It has also been argued that No. 329 and No. 438 are moot by reason of the settlement of the immediate dispute which led to

The arbitration award became effective on April 11, 1949. Under the Wisconsin Act, that award "shall continue effective for one year from that date," unless sooner terminated by agreement of the parties. Wis. Stat., 1949, § 111.59. We are informed that this award was superseded by agreement, and, in any event, the one-year period has elapsed. There being no subject matter upon which the judgment of this Court can operate, the cause is moot.

It is argued that the Wisconsin courts have adopted a practice of deciding questions of importance even though the case has become moot, and we are urged to follow that same practice. But whatever the practice in Wisconsin courts, "A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it. *United States* v. *Alaska S. S. Co.,* 253 U. S. 113, 115–16, and cases cited; *United States* v. *Hamburg-American Co.,* 239 U. S. 466, 475–77." *St. Pierre* v. *United States,* 319 U. S. 41, 42 (1943).

It appearing that the cause has become moot, the judgment of the Supreme Court of Wisconsin is vacated without costs and the cause is remanded for such proceedings as by that court may be deemed appropriate.

*It is so ordered.*

---

the strike action in each case. The injunction before us in No. 329 is "perpetual" by its terms so that the action does not become moot even though the decree be obeyed. *J. I. Case Co.* v. *Labor Board,* 321 U. S. 332, 334 (1944); *Federal Trade Comm'n* v. *Goodyear Tire & Rubber Co.,* 304 U. S. 257, 260 (1938), and cases cited therein. As to No. 438, the judgment below imposes fines upon petitioners. No question of mootness can be raised so long as enforcement of that judgment is sought.