**UNITED STATES v. W. T. GRANT CO. et al.**

**UNITED STATES v. SEARS, ROEBUCK & CO. et al.**

**UNITED STATES v. KROGER CO. et al.**

United States District Court
S. D. New York.
Aug. 11, 1952.

---

Melville C. Williams, Special Asst. to the Atty. Gen., of Ill., for plaintiff.

Eugene M. Foley, New York City, for defendant W. T. Grant Co.

Duer, Strong & Whitehead, New York City, for defendant S. H. Kress & Co.

Sullivan & Cromwell, New York City, for defendant John M. Hancock.

CONGER, District Judge.

These are motions by the defendants to dismiss the complaints upon various grounds only one of which I feel it necessary to consider. That ground is that the controversy in each case is moot.

Since this defect, so-called, does not appear on the face of the complaints, the defendants have had to disclose it by affidavit. In this light it is incumbent on the Court to treat it as one for summary judgment. See Rule 12(b), Fed.Rules Civ. Proc. 28 U.S.C.A.

The facts in each case are essentially the same save for the parties.

Section 8 of the Clayton Act in pertinent part provides:

"* * * No person at the same time shall be a director in any two or more corporations, any one of which has capital, surplus, and undivided profits aggregating more than $1,000,-000, engaged in whole or in part in commerce, * * * if such corporations are or shall have been theretofore, by virtue of their business and location of operation, competitors, so that the elimination of competition by agreement between them would constitute a violation of any of the provisions of any of the anti-trust laws. * * *" 15 U.S.C.A. § 19.

Shortly after the filing of the complaints, and prior to March 15, 1952, Hancock failed to stand for re-election as a director of The Kroger Company and resigned his directorships in S. H. Kress & Company and Bond Stores, Inc. He, therefore, is no longer a director in competing companies.

In this setting the defendants say the controversies are moot and ask dismissal. The plaintiff resists, principally, I assume, because the Government would like to have some law on the subject of which there is a sparsity.

Hancock has known of the Government's objections for the last five years or so and he has been discussing it from time to time with the Government. But there is no showing of direct knowledge on the part of the corporations.

Despite the fact that Hancock's removal from these directorships has apparently remedied all the grievances the Government had, counsel insists that it is entitled to a decree that the defendants have

violated Section 8; to an injunction against the defendants violating the Act in the future anytime, anywhere; and to a direction, if the Court sees fit, that Hancock resign from all the competing corporations.

■ All the parties have cited many cases wherein injunctions were sought on the question of mootness. The Government stresses United States v. Trans-Missouri Freight Association, 166 U.S. 290, 17 S.Ct. 540, 41 L.Ed. 1007. There, however, the Supreme Court rejected the defense of mootness when it appeared highly probable and evident that violations would be resumed in the future. The defendants cite among others, United States v. Aluminum Co. of America, 2 Cir., 1945, 148 F.2d 416, at page 448 wherein Judge Learned Hand stated:

"* * * The mere cessation of an unlawful activity before suit does not deprive the court of jurisdiction to provide against its resumption; a 'case or controversy' may remain to be disposed of. There are plentiful authorities so holding. [Cases cited.] To disarm the court it must appear that there is no reasonable expectation that the wrong will be repeated."

See also Amalgamated Ass'n of Street Electric Railway & Motor Coach Employees of America v. Wisconsin Employment Relations Board, 340 U.S. 416, 71 S.Ct. 373, 95 L.Ed. 389.

That statement of Judge Learned Hand expresses the rule as the cases treat it.

I do not think there is the slightest threat that the defendants will attempt any future activity in violation of Section 8 [if they have violated it already], and I am inclined to follow Judge Jones in U. S. v. Mather, (M. D., Ohio) who dismissed a similar suit as moot on December 2, 1935 for the same reasons urged here. There was no written opinion by the Judge but his remarks are quoted in the Government's motion (dated February 11, 1936) to dismiss without prejudice after the prior dismissal. There appears to be no other precedent.

■ The suit is not continued a controversy merely because a decree of past viola-tion is sought. See Standard Oil Co. (Indiana) v. United States, 283 U.S. 163, 51 S.Ct. 421, 75 L.Ed. 926; Walling v. Lacy, D.C.Colo., 1943, 51 F.Supp. 1002.

In conclusion, I fail to see what right the plaintiff has to a direction that Hancock resign from all the companies.

■ I, therefore, believe the suit should be dismissed. Since the motion takes the form of summary judgment, it is not possible to receive it by Judge Jones' method of dismissal without prejudice. However, this decision would not be a bar to a new suit in case possible violations arise in the future.

Motions granted.

Settle orders.