**Isadore M. GUDELSKY et al., Appellants,**

v.

**Samuel SPENCER et al., Appellees.**

**No. 13453.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 30, 1957.

Decided Feb. 14, 1957.

---

1. Appellant denominated the complaint as a Petition to Review.

2. 60 Stat. 243 (1946), 5 U.S.C. § 1009 (1952), 5 U.S.C.A. § 1009.

- ◆ -

Mr. William T. Hannan, Washington, D. C., with whom Messrs. Joseph F. Castiello, Ralph F. Berlow and Kent D. Thorup, Washington, D. C., were on the brief, for appellants.

Mr. Milton D. Korman, Principal Asst. Corp. Counsel for District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Hubert B. Pair and J. Hampton Baumgartner, Jr., Asst. Corp. Counsel, were on the brief, for appellees. Mr. Vernon E. West, Corp. Counsel at the time record was filed, also entered an appearance for appellees.

Before BAZELON, FAHY and BURGER, Circuit Judges.

PER CURIAM.

Appellants as land owners within a certain area in the District of Columbia sued to enjoin appellees, the Commissioners of the District of Columbia, from designating that area as "The George Washington University Urban Renewal Project Area." The basis on which the injunction was sought was that no public hearing had been held to enable the Commissioners to make the designation.[1] The challenged action of the Commissioners was taken at a meeting held January 20, 1956, followed by the filing of the suit February 16, 1956.

On March 6, 1956, the Commissioners formally rescinded their action of January 20, 1956, insofar as it was inconsistent with their action of March 6, 1956. The latter action did not constitute a designation of a project area within the meaning of the statute, but was limited to preliminary steps for the purpose of obtaining funds from the Administrator of the Housing and Home Finance Agency to conduct surveys and studies in the general area involved. Such action was not required to be preceded by a public hearing.

Assuming *arguendo* that the "designation" of January 20, 1956, was invalid unless preceded by a public hearing, a question we need not decide, it was rescinded and superseded March 6, 1956, by action which required no such hearing. The question of necessity for a public hearing antecedent to the action of January 20, 1956, accordingly became moot.

The District Court on motion of the appellees granted summary judgment in their favor. We are precluded from reviewing the question involved because it has become moot. The appropriate procedure in these circumstances is to di-

---

1. Appellants contend § 5-705(b) (1), D.C.Code 1951 requires such a hearing.

rect that the judgment in favor of appellees be vacated and the case remanded to the District Court to dismiss the complaint. Cf. Amalgamated Ass'n of Street, Electric Railway & Motor Coach Employees, etc. v. Wisconsin Employment Relations Board, 340 U.S. 416, 71 S.Ct. 373, 95 L.Ed. 389; National Bible Knowledge Association v. Dumont Broadcasting Corp., 99 U.S.App.D.C. 254, 239 F.2d 74.

It is so ordered.