CARGILL, INCORPORATED, a corporation, A. L. Mechling Barge Lines, Inc., a corporation, Mississippi Valley Barge Line Company, a corporation, the Ohio River Company, a corporation, and Blaske, Inc., a corporation, Plaintiffs,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants.

Pennsylvania Railroad Company et al., Intervening Defendants.

Civ. A. No. 59 C 335(3)

United States District Court
E. D. Missouri, E. D.

Sept. 16, 1960.

William G. Guerri, and Thompson, Mitchell, Douglas & Neill, St. Louis, Mo., and Harold E. Spencer, and Belnap, Spencer, Hardy & Freeman, Chicago, Ill., for plaintiff, Cargill, Inc.

William G. Guerri, and Thompson, Mitchell, Douglas & Neill, St. Louis, Mo., and Edw. B. Hayes and Wilbur S. Legg, and Lord, Bissell & Brook, Chicago, Ill., for plaintiffs, A. L. Mechling Barge Lines et al.

Robert A. Bicks, Acting Asst. Atty. Gen., and John H. D. Wigger, Attorney, Department of Justice, Washington, D. C., and William H. Webster, U. S. Atty., St. Louis, Mo., for defendant, United States of America.

Robt. W. Ginnane, General Counsel, and H. Neil Garson, Associate Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for defendant, Interstate Commerce Commission.

Eugene S. Davis, St. Louis, Mo., Don McDevitt, Chicago, Ill., Donald M. Tolmie, Chicago, Ill., John W. Adams, Jr., Mobile, Ala., John M. Souby, Chicago, Ill., Richard J. Murphy, Chicago, Ill., James A. Gillen and James E. Steffarud, Chicago, Ill., for intervening defendants Pennsylvania Rd. Co. et al.

Before MATTHES, Circuit Judge, HARPER, Chief Judge, and WEBER, District Judge.

WEBER, District Judge.

Plaintiffs are barge line operators. They commenced this action on November 16, 1959; against the United States of America and the Interstate Commerce Commission seeking an injunction of the Commission's Fourth Section order No. 19059, entered January 9, 1959, and for a declaratory judgment. They are in competition with various railroads which can be classified into two groups: one, the eastern group which has trunk lines from Chicago, Illinois, to the east and with proportional or re-shipping rates for long hauls and, two, the western group which has lines serving west of Chicago and with short haul rates that are higher than the eastern long haul rates. These railroads were granted leave to intervene.

District Courts have jurisdiction of actions to enforce, enjoin, set aside, annul or suspend, in whole or in part, any order of the Interstate Commerce Commission, § 1336, Title 28, U.S.C., and the action has been brought in the judicial district of parties plaintiff as provided by § 1398, Title 28 U.S.C. A three-judge court was duly composed under the provisions of §§ 2284 and 2321–2325, Title 28 U.S.C. Motions to Dismiss were filed by defendants and intervenors challenging plaintiffs' Petition on the grounds of mootness and that declaratory judgment relief would not lie. These Motions were oral-

ly heard, supporting memoranda filed and the matter taken under submission.

The actions of the Interstate Commerce Commission for which plaintiffs seek relief in this suit involve the matter wherein the intervenors published rates with the Commission in which combination (long haul) rates were lower than local (short haul) rates and relief was sought under Section Four of the Interstate Commerce Act.[1] The proceeding was entitled "Grain and Grain Products from Illinois to the East" and the plaintiffs here filed their protests.

The order of the Commission provided that the rates described in the application would become effective January 10, 1959, that they were subject to the Commission's investigation and approval, could not be increased unless authorized and the investigation would be made "with a view to making such findings and orders in the premises as the facts and circumstances shall warrant." The matter was assigned for hearing at a time and place thereafter to be fixed and the intervenors here were permitted to become respondents to the proceedings.

Plaintiffs contend in this action that the establishment of rates, pending the hearing on the Section Four application and prior to actual investigation, hearing and finding of facts, amounts to an avoidance of the prohibitions contained in Section Four, which make it unlawful to charge or receive such rates. They say that such establishment of rates amounts to the granting of a "temporary rate" and is void and unlawful, arbitrary and capricious, thus depriving them of their property without due process of law and violative of the Fifth Amendment to the Constitution. On the declaratory judgment side, plaintiffs contend that this procedure is a continuous practice by the Interstate Commerce Commission; that the Commission thus establishes a rate without support by adequate findings from which it can be determined if the facts constitute a special case and if the rates are reasonably compensatory, all as required by Section Four; and that the Commission will probably enter a final order of dismissal to make the matter "moot" before this Court can hear and decide the issues and that such practice, too, has been followed in the past and is continuing to plaintiffs' damage.

The defendants and intervenors point out that the rail carriers did notify the Commission on March 28, 1960, of the withdrawal of their Section Four Application and requested cancellation of the Commission's temporary orders. The Commission acted upon this notification on March 31, 1960, and the application was permitted to be withdrawn. They further state that the Commission records show that a new schedule of rates has been filed, reducing the local haul charges to where, in the aggregate, they will not exceed the long haul charges, and, therefore, there is no further relief being sought, nor can it be given, under Section Four and the matter is "moot".

Plaintiffs, however, contend that this is a continuing practice of the Commission which results to their damage and say that this should remove the matter from the realm of mootness. They want this Court to not only enjoin and hold

---

1. § 4, Title 49, U.S.C.A., provides that "it shall be unlawful for any common carrier * * * to charge or receive any greater compensation in the aggregate * * *, for a shorter than for a longer distance over the same line or route in the same direction, the shorter being included within the longer distance, * * *: Provided, That *upon application* to the Commission *and after investigation*, such carrier, *in special cases*, may be authorized * * * to charge less for longer than for shorter distances * * *, and the Commission may from time to time prescribe the extent to which such designated carriers may be relieved from the operation of the foregoing provisions of this section, but in exercising the authority conferred upon it * * *, the Commission shall not permit the establishment of any charge to or from the more distant point that is *not reasonably* compensatory for the service performed; and no such authorization shall be granted on account of merely potential water competition not actually in existence: * * *." (Italics supplied for emphasis.)

unlawful the Section Four order but to also declare the practice improper.

█ It is the duty of this Court to "decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293. This principle was recently restated by the Supreme Court in the case of Local No. 8–6, Oil, Chemical & Atomic Wkrs. v. Missouri, 361 U.S. 363, 80 S.Ct. 391, 4 L.Ed.2d 373. In this latter case an injunction had been granted against a union under authority of a Missouri statute; the Supreme Court of Missouri held the statute constitutional and certiorari was granted to the Supreme Court of the United States; in the meantime the injunction had expired and in deciding the matter the Court said at 361 U.S. loc. cit. 367, 80 S.Ct. loc. cit. 394: " * * we cannot escape the conclusion that there remains for this Court no 'actual matters in controversy essential to the decision of the particular case before it.' United States v. Alaska S. S. Co., 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808."

█ "A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it." Amalgamated Ass'n etc. v. Wisconsin Emp. Rel. Bd., 340 U.S. 416, 418, 71 S.Ct. 373, 375, 95 L.Ed. 389. The very proposition here was involved in two recent decisions wherein the Supreme Court of the United States remanded three-judge court opinions with directions to dismiss for mootness. See Dixie Carriers, Inc., v. U. S., D.C., 143 F.Supp. 844; Atchison, T. & S. F. R. Co. v. Dixie Carriers, Inc., 355 U.S. 179, 78 S.Ct. 258, 2 L.Ed.2d 186, and Amarillo-Borger Express v. United States, D.C., 138 F.Supp. 411; Id., 352 U.S. 1028, 77 S.Ct. 594, 1 L.Ed.2d 598.

The same reasoning applies to the prayer for declaratory judgment relief.

Section 2201, Title 28 U.S.C., creates a remedy "In a case of actual controversy within its jurisdiction, * * *."

There is nothing pending in the case before us. The cause of any controversy that existed has been terminated by dismissal. To lay down rules of practice for future guidance of the Commission would be nothing more than the substitution of judicial for executive administration. The Judiciary must confine itself within the constitutional and legislative grants of authority to review, determine or declare rights only where actual controversies exist. As said in Local No. 8–6, Oil, Chemical & Atomic Wkrs. v. Missouri, supra, at 361 U.S. loc. cit. 396; 80 S.Ct. loc. cit. 396: "To adjudicate a cause which no longer exists is a proceeding which this Court uniformly has declined to entertain."

For the reasons stated, defendants' and intervenors' Motions to Dismiss should be sustained and an Order will be entered to that effect.