**Peter G. TREVES, Plaintiff,**

v.

**SERVEL, INC., Duncan C. Menzies, Henry Necarsulmer, Irving I. Schachtel, Charles H. Tuttle, David Van Alstyne, Jr., George T. Sotel and the Sonotone Corporation, Defendants.**

**Morris BRESLAW, Plaintiff,**

v.

**A. Lightfoot WALKER et al., Defendants.**

United States District Court
S. D. New York.

Aug. 25, 1965.

---

Alan J. Hartnick, New York City, for plaintiff Peter G. Treves.

Bennett Frankel, New York City, for plaintiff Morris Breslaw.

Breed, Abbot & Morgan, New York City, for defendant Sonotone Corp., Edward J. Ross, Thomas W. Kelly, Thomas A. Shaw, Jr., New York City, of counsel.

FEINBERG, District Judge.

A plethora of motions are before the court in two actions under the Securities Act of 1933 and the Securities Exchange Act of 1934, arising out of certain relationships between The Sonotone Corporation ("Sonotone") and Servel, Inc. ("Servel").

I

Treves v. Servel, Inc., et al. is a derivative action by a shareholder of Sonotone seeking, *inter alia,* the following relief in the first cause of action: (a) an injunction against a proposed merger of Sonotone and Servel; (b) an adjudication that the merger agreement is null and void; (c) cancellation of any steps already taken in furtherance of the merger; (d) damages for violation by the individual defendants of their fiduciary duties to stockholders; (e) costs, attorneys' and accountants' fees. In addition to Sonotone and Servel, named defendants are either members of the Sonotone board of directors or officers or both. The complaint alleges that the terms of the proposed merger are unduly favorable to Servel, which owns a controlling interest in Sonotone ("almost 55.7%"), and unduly detrimental to the interests of the other Sonotone stockholders. It is also alleged that defendants sought to conceal these facts by means of a false and misleading proxy statement, dated February 3, 1965, submitted to Sonotone stockholders, recommending that they accept the terms of the proposed merger.

A second cause of action seeks damages and an injunction for violation of section 8 of the Clayton Act, 15 U.S.C. § 19, which prohibits interlocking directorates between "competitors." The complaint has spawned motions to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b) and for failure to meet the requirements of a shareholder's action set forth in Fed.R.Civ.P. 23(b). Plaintiff, most inappropriately, has moved for summary judgment. Each motion will be separately considered.

1. Defendants have moved to dismiss the first and second causes of action under Fed.R.Civ.P. 12(b) (6) for "failure to state a claim upon which relief can be granted." This motion is supported by affidavits [1] offered to prove that the proposed merger here in issue was abandoned on March 15, 1965 (five days after filing of the complaint), pursuant to a provision in the merger agreement permitting abandonment "if, in the opinion of the Board of Directors of either constituent Corporation, it is inadvisable or impractical to consummate the Merger for any reason * * *," and (2) that defendant Menzies, one of the alleged interlocking directors, had determined to sever his connection with Servel before institution of plaintiff's suit. Defendants argue that since the merger has been abandoned, and the forbidden relationship has been ended, plaintiff's first cause of action is now moot and his second cause of action is now partially moot, necessitating dismissal under Rule 12 (b) (6).

■■ Defendants' entire legal position as to mootness rests on a failure to attach proper significance to plaintiff's allegations that defendants are guilty of violations of the Securities Acts and the Clayton Act. Once a violation is assumed, as must be done in this procedural context, the following from the Supreme Court's opinion in United States v. W. T. Grant Co., 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953), a case involving interlocking directorates, precludes a successful argument that abandonment of the merger and cessation of the challenged relationship automatically mooted the applicable portions of plaintiff's causes of action:

[V]oluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i. e., does not make the case moot. United States v. Trans-Missouri Freight Ass'n., 166 U.S. 290 (1897) [17 S.Ct. 540, 41 L.

Ed. 1007]; Walling v. Helmerich & Payne, Inc., 323 U.S. 37 (1944) [65 S.Ct. 11, 89 L.Ed. 29]; Hecht Co. v. Bowles, 321 U.S. 321 (1944) [64 S. Ct. 587, 88 L.Ed. 754.] A controversy may remain to be settled in such circumstances * * *. The defendant is free to return to his old ways * * *. This, together with a public interest in having the legality of the practices settled, militates against a mootness conclusion. * * * For to say that the case has become moot means that the defendant is entitled to a dismissal as a matter of right, Labor Board v. General Motors Corp., 179 F.2d 221 (1950). The courts have rightly refused to grant defendants such a powerful weapon against public law enforcement * * *.

■■ The Court went on to add (345 U.S. at 633, 73 S.Ct. at 897) that "the case may nevertheless be moot if the defendant can demonstrate that 'there is no reasonable expectation that the wrong will be repeated' * * * *" citing United States v. Aluminum Co. of America, 148 F.2d 416, 448 (2d Cir. 1945). The burden on defendants, however, is "a heavy one" and is not satisfied merely by telling the court that the challenged activities no longer exist and disclaiming any intention to revive them. 345 U.S. at 633, 73 S.Ct. 894. Since defendants in this case offer nothing more concrete by way of uncontroverted facts, I will not, on this record, grant this motion on the basis of mootness. While the district court in Smith v. Industrial Sec. Corp., 49 F.Supp. 959 (D.Conn.1943) reached a different result, the judge, of course, did not have the benefit of the Supreme Court's views as expressed in *Grant*. Moreover, the complaint in that case, as characterized by the court, contained "no allegations of any facts on which to base a recovery against the defendants for damages to the corporation in any other manner than through the proposed merg-

---

[1.] Since affidavits have been submitted, the court will treat these motions to dismiss as motions for summary judgment. Fed. R.Civ.P. 12(b), 56.

er which has been abandoned \* \* \*." Here, on the contrary, plaintiff seeks damages for the cost to the corporation of the merger which was thereafter abandoned, *e. g.*, expenses relating to preparation and distribution of the proxy statement.[2]

Beyond the mootness area lies the more difficult issue whether, as a matter of discretion, the court ought to dismiss plaintiff's request for injunctive relief. The district court in United States v. W. T. Grant Co., 112 F.Supp. 336 (S.D.N.Y.1952) did, in exercise of its discretion, refuse to order equitable relief in an interlocking corporate directorate action, under procedural circumstances similar to those presently before the court. The Supreme Court affirmed, concluding that "although the actions were not moot, no abuse of discretion has been demonstrated in the trial court's refusal to award injunctive relief." 345 U.S. at 636, 73 S.Ct. at 899. The opinion also emphasized that the discretion of the district court in these circumstances "is necessarily broad and a strong showing of abuse must be made to reverse it." 345 U.S. at 633, 73 S.Ct. at 898.[3]

In exercise of my discretion, plaintiff's request for permanent injunctive relief will not be dismissed at this juncture. There are a sufficient number of material facts in dispute to persuade the court that plaintiff may be able to prove "that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." 345 U.S. at 633, 73 S.Ct. at 898. Primarily, it is most significant that, according to undenied allegations, Servel owns a majority of the outstanding common stock of Sonotone. Thus, the climate for repetition of the challenged conduct exists as it did before commencement of plaintiff's lawsuit. Cf. United States v. Newmont Mining Corp., 34 F.R.D. 504, 507 (S.D.

N.Y.1964). There is, additionally, a genuine factual dispute about the existence of a causal relationship between commencement of suit by plaintiff and cessation by defendants of the allegedly improper activities. The possibility, therefore, exists that dismissal of the lawsuit might result in resumption of the challenged activities, and plaintiff ought to be given an opportunity to prove that this is a real threat, calling for permanent injunctive relief. See Diamond, Federal Jurisdiction to Decide Moot Cases, 94 U.Pa.L.Rev. 125, 143 (1946). Of course, the request for temporary injunctive relief will be denied; since there is no dispute that the merger proposed by the February 3, 1965 proxy statement has been abandoned, plaintiff cannot prove injury calling for this type of *immediate judicial intervention.* See Note, Mootness and Ripeness: The Postman Always Rings Twice, 65 Colum.L. Rev. 867, 875 (1965).

2. Defendants have also moved under Fed.R.Civ.P. 12 and 23, variously challenging plaintiff's standing as a bona fide stockholder and his right to maintain a secondary action by a shareholder.

As to the bona fides of plaintiff's stock ownership, the allegations of plaintiff's complaints are, of course, sufficient. To the extent that affidavits submitted by defendants challenge the fact of plaintiff's ownership, counter affidavits, submitted by plaintiff, raise genuine issues of fact, since a stockholder need not be of record to maintain a derivative action. See authorities collected in Marco v. Dulles, 177 F.Supp. 533, 551 (S.D.N.Y.), appeal dismissed, 268 F.2d 192 (2d Cir. 1959).

The motion to dismiss under Rule 23(b) is predicated on plaintiff's alleged failure to set forth with particularity in the complaint "the efforts of the plaintiff to secure from the managing directors \* \* \* and, if necessary, from

---

2. See Complaint, p. 15, para. 8; Memorandum in Support of Motion for Summary Judgment by the Plaintiff and in

Opposition to the Motion to Dismiss by Defendants, p. 20.

3. See Note, 29 Ind.L.J. 429, 430 n. 5 (1954).

the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort." Fed.R.Civ.P. 23(b). In Cathedral Estates, Inc. v. Taft Realty Corp., 228 F.2d 85, 88 (2d Cir. 1955), the court of appeals stated:

> It is clear that under Rule 23(b) and its predecessors a demand need not be made on the directors or shareholders where such a demand would be "futile," "useless," or "unavailing," * * *. And where the directors and controlling shareholders are antagonistic, adversely interested, or involved in the transaction attacked, a demand on them is presumptively futile and need not be made.

Plaintiff alleges that a demand was not made upon the directors "since such demand would be futile, since the individual defendants, * * * constituting the entire Board, have unanimously approved the Plan and Agreement of Merger dated January 15, 1965, and have recommended its approval and adoption by the stockholders of Sonotone."[4] Considering the interrelationships of both the defendant companies, and the fact that several members of the Servel board were active in Sonotone affairs, this portion of plaintiff's complaint meets the requirement of Fed.R.Civ.P. 23(b). As to the necessity of a demand on shareholders, it is obvious from the fact that defendant Servel controls over fifty-five per cent of Sonotone's common stock that a demand on the Sonotone stockholders to sue Servel and the directors elected by it would have been futile. Therefore, even if a demand on stockholders was necessary, the complaint could be amended to allege that it would be futile. On these facts, failure to comply with this formality does not justify dismissal of the complaint, provided that plaintiff amends his complaint within thirty days. See Meltzer v. Atlantic Research Corp., 330 F.2d 946

(4th Cir. 1964); Gottesman v. General Motors Corp., 268 F.2d 194, 195 (2d Cir. 1959).[5] Accordingly, all motions to dismiss, as well as all other relief sought by defendants, is denied, with the exception regarding temporary relief set forth above.

3. Plaintiff has moved for summary judgment on both causes of action. Under principles too elementary to require citation, the motion will be denied since virtually every material fact is in genuine controversy. For example, defendants, by affidavit, contradict plaintiff's assertions that the proxy statement is false and misleading. Likewise in controversy is the issue whether defendant companies are "competitors," a fact of crucial significance in an action under section 8 of the Clayton Act.

## II

Breslaw v. Walker, et al., with the exception of the claim based upon interlocking directorates, is highly similar to Treves v. Servel, Inc., et al., in that the complaint alleges the same proposed merger and proxy statement which fails to disclose detriment to Sonotone. For reasons stated above, all motions by defendants to dismiss are denied. Additionally, plaintiff seeks an order dismissing his complaint as moot and directing a hearing pursuant to Local Rule 11 on the issue of attorney's and accountant's fees. Defendants, of course, agree that the action should be dismissed as moot; they contend, relying, *inter alia*, on Henss v. Schneider, 132 F.Supp. 60 (S.D.N.Y. 1955), that this would be an involuntary dismissal, thereby removing the court's jurisdiction to consider the "incidental issue" of attorney's and accountant's fees.

Since this is a derivative action wherein the plaintiff acts on behalf of other stockholders, the decision as to mootness in Part I hereof precludes dismissal of Breslaw's suit on grounds of mootness

4. Complaint, para. Twenty-third.

5. There is authority that, because the shareholders could not ratify violations of federal law, in any event, no demand on

stockholders is necessary here. Gottesman v. General Motors Corp., 268 F.2d 194, 197 (2d Cir. 1959).

even though all named parties to that suit desire this disposition. In addition, it would be anamolous to order an involuntary dismissal, which defendants seek, based upon a premise (mootness) which the court, on this record, has just declined to find exists. Therefore, plaintiff's motion is denied without prejudice to his renewing it when the first cause of action in the Treves action has been finally disposed of in this court on the merits or otherwise.

Settle order on notice.