Albert **ARMENDARIZ, Jr., Plaintiff-Appellee,**

v.

Lewis B. **HERSHEY, Director, Selective Service, et al., Defendants-Appellants.**

No. 27554.

United States Court of Appeals Fifth Circuit.

June 13, 1969.

Rehearing Denied July 17, 1969.

Pete Tijernia, Mario Obledo, San Antonio, Tex., Jack Greenberg, William L. Robinson, Elizabeth Dubois, New York City, for appellee.

Before AINSWORTH and GODBOLD, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM:

On January 17, 1969, appellee, a second year law student at the University of Texas Law School, brought this action in the United States District Court for the Western District of Texas, alleging that Section 6(i) (2) of the Military Service Act of 1967, 50 U.S.C.App. § 456(i) (2),[1] mandated that he receive a I–S student deferment until the end of the academic year, and that the failure of his selective service board to grant this deferment was a lawless departure from a statutory mandate, and thus he was entitled to preinduction judicial relief. Foley v. Hershey, 7 Cir., 1969, 409 F.2d 827; Bowen v. Hershey, 1 Cir., 1969, 410 F.2d 962. See generally Oestereich v. Selective Serv. Sys. L. Bd. No. 11, Cheyenne, Wyo., 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). On January 28, 1969, the District Court enjoined appellee's induction into the Armed Forces of the United States over appellants' objection that a federal court is without jurisdiction to adjudicate a registrant's claim for a I–S student deferment in a preinduction judicial proceeding.[2] 50 U.

Ted Butler, U. S. Atty., Reese L. Harrison, Jr., Warren N. Weir, Asst. U. S. Attys., San Antonio, Tex., for appellants.

1. "(2) Any person who while satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution is ordered to report for induction under this title, shall, upon the facts being presented to the local board, be deferred (A) until the end of such academic year, or (B) until he ceases satisfactorily to pursue such course of instruction, whichever is the earlier: *Provided,* That any person who has heretofore had his induction postponed under the provisions of section 6(i) (2) of the Selective Service Act of 1948 [former subsection (i) (2) of this section]; or any person who has heretofore been deferred as a student under section 6(h) of such Act [former subsection

(h) of this section] ; or any person who hereafter is deferred under the provision of this subsection, shall not be further deferred by reason of pursuit of a course of instruction at a college, university, or similar institution of learning * * *. Nothing in this paragraph shall be deemed to preclude the President from providing, by regulations prescribed under subsection (h) of this section, for the deferment from training and service in the Armed Forces * * * of any category or categories of students for such periods of time as he may deem appropriate."

2. "The single question to be decided, whether it be termed jurisdictional or substan-

S.C.App. § 460(b) (3);[3] Rich v. Hershey, 10 Cir., 1969, 408 F.2d 944. On April 3, 1969, the appeal was docketed, and on April 23, 1969, a panel of this Court granted appellants' motion for advancement of the cause for hearing. Oral argument was heard on May 26, 1969. After a careful review of the unusual circumstances of the present case, we conclude that the issues raised herein are moot, and thus we dismiss the appeal. See, e. g., Maner v. Maner, 5 Cir., 1968, 401 F.2d 616.

■ Pursuant to the stipulation of the parties of which we take cognizance, and in the absence of a statutory definition of "academic year" in the context of a I–S deferment, we find that appellee's academic year terminated on June 1, 1969. Thus, were we to affirm the District Court on substantive grounds, appellee, at this late date, would not gain any additional relief. Conversely, were we to reverse the lower court, such a reversal would have the same effect as an affirmance, since appellee already obtained a deferment until the end of the academic year. In these circumstances, where appellants have lost their case irrespective of this Court's disposition on appeal, " 'A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it. * * *' St. Pierre v.

United States, 1943, 319 U.S. 41, 42, 63 S.Ct. 910, 911, 87 L.Ed. 1199." Amalgamated Ass'n, Etc. v. Wisconsin Employ. Rel. Bd., 340 U.S. 416, 418, 71 S.Ct. 373, 375, 95 L.Ed. 389 (1951). See also Maner v. Maner, 5 Cir., 1968, 401 F.2d 616.

Appeal dismissed.

## ON PETITION FOR REHEARING

It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied.*

---

tive, is whether the statute mandated, or merely permitted, the [I–S] deferment." Bowen v. Hershey, 1 Cir., 1969, 410 F.2d 962.

3. "(3) * * * No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title [section 462 of this Appendix], after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: *Provided,* That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in

fact for the classification assigned to such registrant. * * *"

* We are not warranted under the circumstances of this case to reverse or vacate the judgment below and remand with a direction to dismiss. United States v. Munsingwear, 340 U.S. 36, 71 S.Ct. 104 (1950), recognizes that a case may warrant an exception to the general rule of reversing or vacating the judgment below. See 340 U.S. 36 at 38; also footnote 2 of *Munsingwear,* supra. See also Comment, Disposition of Moot Cases by the United States Supreme Court, 23 Chi.L.Rev. 77 at 96; Note, Cases Moot on Appeal: A Limit on the Judicial Power, 103 U.Pa.L. Rev. 772 at 794, which point out that the matter is one for exercise of discretion on the part of the court where exceptional situations indicate that the court should not follow the general procedure.