## COMMUNICATIONS WORKERS OF AMERICA, Plaintiff-Appellant,

### v.

## SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Defendant-Appellee.

### No. 27585.

United States Court of Appeals
Fifth Circuit.

Jan. 5, 1970.

J. R. Goldhwaite, Jr., Adair Goldthwaite, Stanford & Daniel, Atlanta, Ga., for plaintiff-appellant. Kane & Koons, Washington, D. C., Charles V. Koons, Washington, D. C., of counsel.

Harry S. Baxter, S. Phillip Heiner, Atlanta, Ga., for defendant-appellee. Kilpatrick, Cody, Rogers, McClatchey, & Regenstein, Atlanta, Ga., of counsel.

Before BELL, AINSWORTH, and CARSWELL, Circuit Judges.

PER CURIAM.

This is an appeal from the refusal of the district court to order arbitration in an action brought by the union under §

301 of the National Labor Relations Act. 29 U.S.C.A. § 185. The union sought to arbitrate promotional grievances of fifteen female employees where promotions had been denied because the employer had determined that sex was a bona fide occupational qualification for the jobs involved. Both parties filed motions for judgment on the pleadings and the district court granted the company's motion.

Subsequent to the filing of this appeal by the union, the company moved that the appeal be dismissed as moot. The union opposed the motion and this court ordered that it be carried with the case.

 This court is bound to consider any change, either in fact or in law, which has supervened since the judgment under consideration was entered. Bell v. State of Maryland, 1964, 378 U.S. 226, 238–239, 84 S.Ct. 1814, 12 L.Ed.2d 822. It has now become clear that this case is indeed moot. Of the fifteen specific employee grievances sought to be arbitrated, final settlements have been reached as to seven employees, and the union has withdrawn the grievances of five employees. As to the remaining three employees, the company has opened the jobs sought by these grievants to females and reconsidered their applications without regard to sex. After finding the three applicants not qualified, the company offered, and continues to offer, to arbitrate its decision.

This was not a class action. Cf. Jenkins v. United Gas Corporation, 5 Cir., 1968, 400 F.2d 28. The complaint sought only one thing—a determination that these fifteen grievances should be submitted to arbitration under the contract. There is nothing left to arbitrate in twelve of the grievances and the company offers to arbitrate the remaining three. Any further relief by this court would be an advisory opinion prohibited by the United States Constitution, Article III, § 2. See Amalgamated Asso. of Street etc. v. Wisconsin Emp. Re. Bd.,

1951, 340 U.S. 416, 418, 71 S.Ct. 373, 95 L.Ed. 389, cf. Textile Workers Union v. Lincoln Mills, 1957, 353 U.S. 448, 459, 77 S.Ct. 912, 1 L.Ed.2d 972.

The judgment of the district court is vacated[1] and the district court is instructed to dismiss the case as moot with costs on appeal to be paid by the appellee.

Vacated with direction.

---

1. On the procedure to be followed in mootness cases, see United States v. Munsingwear, Inc., 1950, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36.