Robin Morris GREEN, Plaintiff-
Appellant,

v.

Lewis B. HERSHEY, Director of Selective
Service, et al., Defendants-Appellees.

No. 28275
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 1970.

Mark Smith, Glen Shellhaas, Walter R.
Phillips, Lubbock, Tex., for plaintiff-ap-
pellant.

Eldon B. Mahon, U. S. Atty., Fort
Worth, Tex., William L. Johnson, Jr.,
Asst. U. S. Atty., Morton Hollander,
Chief, Appellate Section, Ralph A. Fine,
Atty., U. S. Dept. of Justice, Washing-
ton, D. C., for defendants-appellees.

Before WISDOM, COLEMAN and
SIMPSON, Circuit Judges.

PER CURIAM.

We have concluded on the merits that oral argument is unnecessary in this case. Accordingly, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. *See* Huth v. Southern Pacific Co., 5 Cir. 1969, 417 F.2d 526 [Oct. 7, 1969]; Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804; 5th Cir. R. 18.

At the time Robin Morris Green instituted this action he was a law student at Texas Technological College taking an accelerated course that permitted his graduation in December 1969. Green's Selective Service Board granted him a II–S student deferment until June 1, 1968, but later reclassified him I–A. After several unsuccessful appeals by Green, the Board finally ordered him to report for induction June 5, 1969. Meanwhile, Green instituted this pre-induction suit to compel his reclassification as I–S.[1] Although the district court

---

1. Green contends that he is entitled to a I-S student deferment until the end of the academic year under the mandate of Section 6(i) (2) of the Military Service Act of 1967, 50 U.S.C. App. § 456(i) (2):

Any person who while satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution is ordered to report for induction under this title, shall, upon the facts being presented to the local board, be deferred (A) until the end of such academic year, or (B) until he ceases satis-

factorily to pursue such course of instruction, whichever is the earlier: *Provided*, That any person who has heretofore had his induction postponed under the provisions of section 6(i) (2) of the Selective Service Act of 1948 [former subsection (i) (2) of this section]; or any person who has heretofore been deferred as a student under section 6(h) of such Act [former subsection (h) of this section]; or any person who hereafter is deferred under the provision of this subsection, shall not be

determined that Green was not entitled to the I–S, it stayed Green's induction pending this appeal.

 As an accelerated student, Green's academic year ended in December 1969. Consequently, at this late date we must dismiss the appeal as moot. *Cf.* Armendariz v. Hershey, 5 Cir. 1969, 413 F.2d 1006.

The appeal is dismissed.

---

further deferred by reason of pursuit of a course of instruction at a college, university, or a similar institution of learning except as may be provided by regulations prescribed by the President pursuant to the provisions of subsection (h) of this section. Nothing in this paragraph shall be deemed to preclude the President from providing, by regulations prescribed under subsection (h) of this

section, for the deferment from training and service in the Armed Forces or training in the National Security Training Corps of any category or categories of students for such periods of time as he may deem appropriate.