Michael Blair **DAVIS** et al., Plaintiffs-Appellants,

v.

Lewis B. **HERSHEY** et al., Defendants-Appellees.

No. 24814.

United States Court of Appeals, Ninth Circuit.

Aug. 21, 1970.

---

Barry Nakell (argued), and Wm. G. Smith, of Margolis & McTernan, Los Angeles, Cal., for plaintiffs-appellants.

David H. Anderson (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., Chief, Civil Division, Los Angeles, Cal., for defendants-appellees.

Before MERRILL and TRASK, Circuit Judges, and PENCE, District Judge.*

PER CURIAM:

Appellants are all graduate students who, at the times in 1969 when each received his respective order to report for induction, were satisfactorily pursuing postgraduate courses at a university. Each has had a graduate II–S deferment since June 20, 1967, and none has had an undergraduate II–S deferment since that date. After being ordered to report, each was denied a I–S classification for the academic year 1968–69.

On June 2, 1969, appellants filed a complaint seeking a declaratory judgment that at the time their induction orders were mailed, each had an absolute statutory right, under § 6(i) (2) of the Military Selective Service Act of June 30, 1967 (50 U.S.C.App. § 456(i) (2)), to a I–S classification, and asked for appropriate relief to assure they were so classified. Other motions were filed by both appellants and the government, and all were heard on June 12, 1969. On July 29, 1969, the trial court dismissed the action, holding that by § 10(b) (3) of the Act (50 U.S.C.App. 460(b) (3)), the court lacked jurisdiction to review their preinduction claims. This appeal followed.

After briefs were submitted and oral argument before this court in December 1969, this court stayed the induction of the appellants pending final decision. The appellants as of this date have had the opportunity to complete an additional year of graduate studies since the filing of their complaint, thus permitting a total three years of graduate study for each. Consequently, at this late date, we dismiss the appeal as moot. *Cf.* Green v. Hershey, 5 Cir., 1970, 422 F.2d 1319.