Paul MILSTEIN, as a shareholder of GAF Corporation, in the right of GAF Corporation, Plaintiff,

v.

Jesse WERNER et al., Defendants.

No. 70 Civ. 2178.

United States District Court, S. D. New York.

Jan. 14, 1972.

Stroock, Stroock & Lavan, New York City, for plaintiff by Louis Loss, Harvard Law School, Cambridge, Mass., and David Lubart, Charles G. Moerdler, Stephen A. Block, Robert P. Stein, New York City, of counsel.

Simpson, Thacher & Bartlett, New York City, for defendants (Werner et al.), by Rolon W. Reed and Charles E. Koob, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendant Haskins &˙ Sells, by Michael A. Cooper, New York City, of counsel.

MEMORANDUM

POLLACK, District Judge.

All defendants other than GAF Corporation move to dismiss the amended and supplemental complaint in this stockholders' derivative suit for non-compliance with Rule 23.1 of the Federal Rules of Civil Procedure. The suit is on behalf of GAF by one of its shareholders and seeks rescission of a restricted stock purchase plan for executive, administrative and supervisory employees of GAF, an accounting for alleged corporate waste from allegedly excessive executive compensation, and recovery of the alleged damages sustained by GAF by reason of the matters mentioned. The defendants are the directors and outside accountants of GAF.

The specific grounds asserted for a dismissal are (1) that no demand was made on the shareholders of GAF to obtain the action plaintiff seeks derivatively, (2) that, at the 1971 Annual Meeting of GAF, the plaintiff sought and the shareholders refused the same relief as he seeks from this Court, and (3) that plaintiff can no longer claim to fairly or adequately represent the interests of either the other shareholders or of GAF.

This action was commenced on May 27, 1970. The amended and supplemental complaint ("the complaint" hereafter) was filed on June 9, 1971 and issue has been joined thereon by answers on behalf of all defendants against whom relief is sought.

It must be clearly kept in mind that this motion is an attack on the plaintiff's standing to sue and is not a motion addressed to the merits of his claims. Viewed in that light, much of the submission by the defendants is presently beside the mark. During the pendency of this action, all parties have had the opportunity to conduct extensive discovery. The Court is advised that this discovery is almost complete, that

the parties are engaged in preparing their agreed and disputed proposed findings of fact and that this action is close to being ready for trial.

 Demand on shareholders is not an absolute requirement; it is required only "if necessary"; and under the claims and pertinent circumstances of this action, no such demand is necessary as a practical matter. Gottesman v. General Motors Corporation, 268 F.2d 194, 197–198 (2d Cir. 1959); Treves v. Servel, Inc., 244 F.Supp. 773, 778 (S.D.N.Y.1965); Levitt v. Johnson, 334 F.2d 815 (1st Cir. 1964); Weiss v. Sunasco, 316 F.Supp. 1197, 1206–1207 (E.D.Pa. 1970); Mayer v. Adams, 37 Del.Ch. 298, 141 A.2d 458 (Sup.Ct.1958).

The reasons excusing demand on the shareholders herein are omitted from the text of the complaint although they certainly are apparent to all involved. Consequently, failure to comply with what is merely a formality here does not justify dismissal of the complaint, provided that within 30 days plaintiff shall, as an addition to the complaint on file, file an appropriate paragraph setting forth his allegations in this respect which shall be deemed an amendment of the complaint to which defendants may plead separately, if they be so advised.

Whether the defendants can justify their contention that the matters complained of by plaintiff were ratified by the GAF shareholders will have to await resolution by the trial of the factual elements in dispute thereon. The law to be applied in respect to less than unanimous action of the shareholders on the matters in contention should be determined after the pertinent facts thereof have been established.

There is no doubt of the adequacy and diligence of plaintiff's representation of the GAF shareholders and there is no defect on that score of plaintiff's right to maintain this suit.

Motions denied.

So ordered.