Butler, J.
The plaintiff, Stephen Gibbs, as attorney-in-fact for Mary Bloomfield, who is an owner of multiple units at Central Village South Condominium, brings this action to recover for Illegal Capital Improvements to Common Areas (Count I), Maintenance and Inspection of Records (Count II), Acting Without a Quorum (Count III), and alleging Personal Liability of the Board of Governors (Count IV). The defendants, who were members of the Board of Governors of the Central Village South Condominium Association (Board of Governors), move to dismiss the complaint because the plaintiff has failed to comply with the pleading requirements of Mass.R.Civ.P. 23.1 and has brought this action as an individual unit owner and not as a derivative action. In addition, defendants assert that the plaintiffs claim concerning Maintenance and Inspection of Records is moot because the plaintiff has been elected to the Board of Governors which maintains the condominium records. For the reasons discussed below the defendants’ motion is ALLOWED.
BACKGROUND
The Central Village South Condominium (“Condominium”) is located at 740 Central Street, Leominster, Massachusetts. It was created by Master Deed dated October 23, 1986. The Condominium elects a Board of Governors which oversees the property. When the plaintiff commenced this lawsuit the Board of Governors was comprised of Tom Macari, Alan Novack, David Bellew, and Karen Wittimier. The plaintiff alleges that this Board of Governors failed to follow the Condominium by-laws regarding access to condominium records, obtaining a quorum before voting and approving capital improvements. The defendants then filed a motion to dismiss. The plaintiff was then elected to the Board of Governors. The plaintiff filed a motion to amend his complaint which this court (Butler, J.) *171 granted. In response to the plaintiffs amended complaint the defendants renewed their motion to dismiss.
DISCUSSION
In general, a suit against condominium board of directors must be brought as a derivative action pursuant to Mass.R.Civ.P. 23.1.[2] The plaintiff, however, asserts that he can bring an action against the Board of Governors as representative for an individual unit owner because the Condominium by-laws exempt unit owners from the requirements of Mass.R.Civ.P. 23.1. The Condominium by-laws state that:
The Board of Governors, on behalf of the Association and any aggrieved unit owner, shall have an appropriate right of action against Unit Owners for failure to comply with the provisions of the Master Deed, By-Laws and Rules and Regulations of the Association. Unit Owners shall have similar rights of action against the Board of Governors.
Plaintiff argues that the language “similar rights of action against the Board of Governors” exempts unit owners from having to bring a derivative action and allows him to proceed as an individual unit owner. This argument ignores the fact the phrase a “similar rights of action” is modified by the first sentence of the by-law which specifies that the Board of Governors can bring an “appropriate right of action” against a unit owner. Therefore, unit owners have “similar,” i.e., “appropriate” rights of action against the Board of Governors.
In Cigal, the Court held that a plaintiff alleging that a board of governors of a condominium association has breached its fiduciary duties through mismanagement and nonfeasance is actually seeking recovery of funds owed to the unit owners’ association, not funds owed to the plaintiff. Id. The Court stated that “the fiduciary duty on which the plaintiffs base their claim is a duty owed to the corporation [i.e., the condominium association], not to individual stockholders [i.e., unit owners].” Id., citing, Bessette v. Bessette, 385 Mass. 806, 809-10 (1982). Therefore, the plaintiff cannot assert his claim except through a derivative suit, which is the “appropriate” manner to challenge the actions of the Board of Governors. See Id.
Mass.R.Civ.P. 23.1 defines the procedure to be followed when a unit owner brings an action to enforce the rights of the condominium association. It is a condition precedent to bringing a derivative action that the plaintiff establish in “unmistakable terms” in his complaint that he has exhausted all available means to obtain relief through the condominium association. See Bartlett v. New York, New Haven, & Hartford Railroad Co., 221 Mass. 530, 532 (1915), and, S. Solomont & Sons Trust, Inc. v. New England Theaters Operating Corp., 326 Mass. 99, 113 (1950). Here, the plaintiff has failed to allege with particularity the efforts he has made to obtain action from the Board of Directors. Therefore, the plaintiffs complaint has not complied with the requirements of Mass.R.Civ.P. 23.1 and his complaint must be dismissed.
The plaintiff argues that, even if he is required to bring suit as a derivative action, his making demands on the Board of Governors would have been futile and therefore he does not have to comply with the requirements of Mass.R.Civ.P. 23.1. However, Mass.R.Civ.P. 23.1 requires that if the plaintiff believes his demands on the company would be futile the complaint must “allege with particularity... the reasons... for not making the effort [of demanding].” Here, the plaintiff has not alleged in his complaint the reasons for not making demands directly to the Board of Governors or other unit owners. In addition, it can be inferred from the fact that the plaintiff amended his complaint because he is now on the Board of Governors that his demands on fellow unit owners would not be futile. See Pupecki v. James Madison Corp., 376 Mass. 212, 219 (1978) (court found that plaintiffs demands on shareholders to change corporation’s course of action would have been futile because the stockholder and director, who the transaction in question benefitted, owned ninety percent of corporation’s stock). Here, there has been no showing that the equivalent of shareholders, the condominium unit owners, have an adverse personal interest to the efficient management of the condominium property. Even if the plaintiff could establish that making a demand on the Board of Governors or the unit owners would be futile, the plaintiff has failed to comply with requirements of Mass.R.Civ.P. 23.1 by not alleging the specific reason it would be futile in his complaint.
Courts have addressed the circumstances in which a plaintiffs failure to exhaust all available means to obtain relief from the corporation has not warranted dismissal of his complaint. Pupecki, supra, citing, Milstien v. Werner, 54 F.R.D. 228, 229 (S.D.N.Y. 1972), Levitt v. Johnson, 334 F.2d 815, 816-19 (1st Cir. 1964) (in company that had 48,000 stockholders plaintiff did not have to make demand on shareholders before maintaining derivative suit because of expense and difficulty in obtaining names of shareholders). In doing so courts are mindful that the legal relations into which the members of a corporation enter require that they seek redress for alleged wrongs done them as stockholders from its officers, and from the corporation itself, before applying elsewhere. Bartlett, 221 Mass. at 532. In the instant case, making a demand on the unit owners to change the manner in which the Board is managing the condominiums does not present an “unconscionable financial burden” to the plaintiff that would warrant relaxation of the requirements of Mass.R.Civ.P. 23.1. Levitt, 334 F.2d at 819. Therefore, the exception to Mass.R.Civ.P. 23.1’s requirement that the plaintiff must make and document his attempts to redress the alleged wrongs through the internal means does not apply in this case. Accordingly, the plaintiffs claim is dismissed for failure to comply with Mass.R.Civ.P. 23.1. The court need not address defendant’s argument that the plaintiffs claims have *172 been rendered moot by his election to the Board of Governors.
ORDER
For the forgoing reasons the defendant’s motion to dismiss the plaintiffs complaint is ALLOWED.

Mass.R.Civ.P. 23.1 provides, in relevant part, as follows:
the complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority, and if necessary, from shareholders or members, and the reason for his failure to obtain the action or not making the effort.